UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| **LAURA BLANFORD,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Cause No. 1:23-cv-00322-HAB-SLC |
| | ) | |
| **UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES,** *sued as Ur M. Jaddou, in her official capacity as Director*, | ) ) ) ) | |
| | ) | |
| **Defendant.** | ) | |

## REPORT AND RECOMMENDATION

On May 13, 2024, a judgment was entered in Plaintiff's favor in this case, and Defendant was ordered to approve the I-600 Petitions sought by Plaintiff that are the subject of this litigation. (ECF 40). Now before the Court is the parties' joint motion for leave to file under seal and for protective order (ECF 41), together with a proposed joint protective order (ECF 41-1), seeking the Court's approval and entry of a second proposed joint protective order pursuant to Federal Rule of Civil Procedure 26(c) and for leave to file an exhibit under seal under Rule 5.2(d).[1] The parties seek this additional joint protective order and leave to seal because the parties anticipate filing a joint motion for relief from the Court's judgment, which will reference an exhibit containing a report of an ongoing criminal investigation by the Liberian National Police involving the orphanage at which the beneficiaries of the I-600 Petitions resided ("the LNP Report"), as well as other sensitive information. (ECF 41 ¶¶ 4, 5).

---

[1] On December 18, 2023, the Court granted the parties' first motion for entry of a protective order and approved and adopted the proposed protective order submitted by the parties on December 8, 2023. (ECF 14, 17).

On June 13, 2024, Chief District Judge Holly A. Brady referred the motion to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Northern District of Indiana Local Rule 72-1 to issue a report and recommendation for the disposition of the motion. (ECF 42). Having duly considered the motion, I find good cause exists for the entry of the additional protective order and for filing the LNP Report under seal. Fed. R. Civ. P. 26(c).[2] Accordingly, I RECOMMEND that the motion (ECF 41) be GRANTED to the extent set forth in this Report and Recommendation and the proposed joint protective order (ECF 41-1) be APPROVED and ADOPTED as an order of the Court, subject, however, to the following conditions:

(1) paragraph 4.d of the proposed order, which addresses filing confidential information, is modified to read: "Any filing by the parties in this action that is related to the LNP Report shall be filed under seal in a method that does not permit the general public to access the information on the Court's docket *and in accordance with the Northern District of Indiana Local Rule 5-3*.";

(2) the Seventh Circuit Court of Appeals has made it clear that a protective order may only issue if the order "makes explicit that either party and any interested member of the public can challenge the secreting of particular documents," *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 946 (7th Cir. 1999), and therefore, the Court incorporates this provision by reference into the proposed order; and

(3) while the proposed order will continue to be binding after the termination of the suit pursuant to paragraph 7.g, the Court will not retain jurisdiction over the

---

[2] This additional joint protective order will *not* supersede or replace the first agreed protective order approved and adopted by the Court on December 18, 2023. (ECF 14, 17).

order, as the Court is unwilling to enter a protective order that suggests it retain jurisdiction of any kind after resolution of the case. *See EEOC v. Clarice's Home Care Serv., Inc.*, No. 3:07-cv-601 GPM, 2008 WL 345588, at *2 (S.D. Ill. Feb. 7, 2008) (encouraging the parties to make a contractual agreement among themselves for the return of sensitive documents without court oversight); *see also Large v. Mobile Tool Int'l, Inc.*, No. 1:02-CV-177, 2010 WL 3120254, at *1 (N.D. Ind. Aug. 6, 2010).

The Court's approval and adoption of the joint protective order will serve as the requisite court order under Local Rule 5-3(a) for the parties to file the LNP Report under seal and to authorize the clerk to maintain the LNP Report under seal.

The Clerk is directed to send a copy of this Report and Recommendation to counsel for the parties. Fed. R. Civ. P. 72(b). NOTICE IS HEREBY GIVEN that within fourteen days after being served with a copy of this recommended disposition a party may serve and file specific, written objections to the proposed findings or recommendations. Fed. R. Civ. P. 72(b). FAILURE TO FILE OBJECTIONS WITHIN THE SPECIFIED TIME WAIVES THE RIGHT TO APPEAL THE DISTRICT COURT'S ORDER. *Lorentzen v. Anderson Pest Control*, 64 F.3d 327, 330 (7th Cir. 1995); *Egert v. Conn. Gen. Life Ins. Co.*, 900 F.2d 1032, 1039 (7th Cir. 1990).

Entered this 26th day of June 2024.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge